JEFFREY McANALLY, Plaintiff-Appellant, v. BUTZINGER BUILDERS *et al.*, Defendants-Appellees.

Fifth District    No. 5—93—0605

Opinion filed June 15, 1994.

Jeffrey S. Hebrank and L. David Green, both of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for appellant.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Gregory G. Vacala, of counsel), for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Jeffrey McAnally, a carpenter employed by Butzinger Builders, sustained a left wrist injury and filed a workers' compensation claim. The arbitrator found that McAnally could not return to work as a carpenter and further found that plaintiff was entitled to receive a wage differential award based on his prior earnings as a carpenter and his current earnings, $5 an hour, as a deliveryman. On April 30, 1990, the arbitrator filed her memorandum of decision, which included the following findings:

"On April 16, 1987, *** McAnally *** sustained accidental injuries ***.

The earnings of the Petitioner during the year next preceding the injury were $33,280 and that the average weekly wage was $640.
***

Petitioner is entitled to have and receive from said respondent the sum of $426.62 per week for a period of $78^2/7$ weeks, that being the period of temporary total incapacity for work, for which compensation is payable.

The sum of $39,142.52 has been paid on account of this injury.
***

Petitioner is entitled to have and receive from Respondent the sum of $293.30 per week for a further period of life, as provided in paragraph (d)(1) of Section 8 of [the Workers' Compensation] Act [(Ill. Rev. Stat. 1989, ch. 48, par. 138.8(d)(1))], as amended, because the injuries sustained caused the Petitioner to become partially incapacitated from pursuing his usual and customary line of employment.
***

The sum of $293.30 equals $66^2/3$% of the difference between the average amount of $640.00 per week which the Petitioner would be able to earn in the full performance of the duties in the occupation in which Petitioner was engaged at the time of the accident and the average amount of $200.00 per week which the Petitioner is earning or is able to earn in some suitable employment after the accident.

The Petitioner is now entitled to receive from Respondent compensation that has accrued from April 16, 1987 through March 5, 1990 and the remainder, if any, of the award to be paid to Petitioner by Respondent in weekly payments."

The Industrial Commission affirmed the decision of the arbitrator.

Butzinger Builders appealed the Industrial Commission's decision to the circuit court, which affirmed, and on March 8, 1993, the appellate court affirmed the order of the circuit court (*Butzinger Builders v. Industrial Comm'n* (5th Dist. 1993), No. 5—92—0225WC (unpublished order under Supreme Court Rule 23 (134 Ill. 2d R. 23))). On April 1, 1993, Butzinger Builders offered McAnally $48,870.92, which it calculated as the balance due on the differential effective prospectively from the filing of the arbitrator's decision of April 30, 1990. McAnally refused to accept the $48,980.92 as payment in full and filed a complaint for entry of judgment pursuant to section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 1992)), naming both Butzinger Builders and its insurer, State Farm Fire & Casualty Company (State Farm), as defendants. The trial court granted State Farm's motion to dismiss State Farm and also granted Butzinger Builder's motion to dismiss the complaint as insufficient as a matter of law. McAnally appeals. We affirm in part and reverse in part and remand.

The complaint alleges in pertinent part:

"3. At all times hereinafter mentioned, Defendant STATE FARM FIRE and CASUALTY COMPANY insured Defendant BUTZINGER BUILDERS under a policy providing coverage for workers compensation claims.

\* \* \*

9. Plaintiff JEFFREY McANALLY has demanded Defendants to pay said award and judgment. However, Defendants have failed and refused, and still fail and refuse, to pay the award plus the interest which has accrued that the arbitrator granted to Plaintiff.

10. Despite Plaintiff's demand to pay the judgment awarded by the arbitrator and confirmed by the Industrial Commission, Defendants continue to refuse to pay compensation according to such final award in violation of 820 ILCS 305/19(g).

11. Due to Defendant's unreasonable or vexatious delay of payment, Plaintiff is entitled to additional compensation equal to fifty percent of the amount awarded to him by the arbitrator pursuant to 820 ILCS 305/19(k)."

McAnally maintains that the defendants have failed to pay the full amount of the permanent partial disability award as well as the interest which has accrued on the award. Butzinger Builders and State Farm argue that judgment has been satisfied, and that plaintiff is attempting to have the arbitrator's decision modified. Defendants contend that McAnally's complaint, brought pursuant to section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 1992)), is not the proper tool for interpreting and construing an arbitrator's decision.

Section 19(g) of the Workers' Compensation Act provides:

"Except in the case of a claim against the State of Illinois, *either party may present a certified copy of the award of the Arbitrator*, or a certified copy of the decision of the Commission *when the same has become final, when no proceedings for review are pending*, providing for the payment of compensation according to this Act, *to the Circuit Court* of the county in which such accident occurred or either of the parties are residents, *whereupon the court shall enter a judgment in accordance therewith*. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed. The Circuit Court shall have power at any time upon application to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this Act." (Emphasis added.) 820 ILCS 305/19(g) (West 1992).

Defendants argue that plaintiff is seeking more from the court than the arbitrator awarded and that such an extension, or indeed any modification, is not allowed by the Act or the cases construing it, citing *Franz v. McHenry County College* (1991), 222 Ill. App. 3d 1002, 584 N.E.2d 536. Plaintiff responds that he is not seeking any extension or modification but is instead simply seeking the relief authorized by section 19(g).

Resolution of this dispute requires an examination of the arbitrator's decision, parts of which were quoted earlier. Defendants contend that the permanent award of $293.30 per week did not begin to accrue until April 30, 1990, the date of the arbitrator's award. Alternatively, defendants contend that the earliest the $293.30 per week could begin to accrue was June 1, 1989, because that was the date plaintiff began working as a deliveryman for $5 an hour·and, before that date, it would have been impossible for the arbitrator to have known what the plaintiff would earn on his new job and, therefore, impossible for her to fashion an award in the appropriate amount. Defendant argues that any change in the arbitrator's award is unauthorized by section 19(g) and that if plaintiff wanted the ambiguous language resolved, he should have cross-appealed.

Plaintiff contends that the language of the award is not ambiguous and that he seeks no change or modification of the award.

■ The arbitrator awarded temporary total disability of $426.62 per week for a period of $78^2/7$ weeks. This time period ended on October 21, 1988, and plaintiff contends that the arbitrator's award provided for the permanent award of $293.30 per week to begin on that date. We agree.

After providing for the temporary total award, the arbitrator stated:

> "Petitioner is entitled to have and receive from Respondent the sum of $293.30 per week for a further period of life ***.
>
> * * *
>
> The Petitioner is now entitled to receive from Respondent compensation *that has accrued from April 16, 1987 through March 5, 1990 ***.*" (Emphasis added.)

Clearly the words "from April 16, 1987 through March 5, 1990" do not contemplate a gap in benefits; they contemplate that benefits are to be paid during that entire period. These benefits are the "$426.62 per week for a period of $78^2/7$ weeks, that being the period of temporary total incapacity for work, for which compensation is payable," and the $293.30 per week awarded to plaintiff for life because of his reduced ability to earn. Defendant's contention that the arbitrator's award left some gap in the benefits to be paid is in no way supported by the language of the award. "From April 16, 1987 through March 15, 1990" means from April through March; it does not mean from April until there is an arbitrator's award.

Turning to defendant's alternative contention that "from April 16, 1987 through March 5, 1990" means from April until plaintiff returns to work, we must reject it also. Defendants argue that until plaintiff returned to work it would have been impossible for the arbitrator to determine the appropriate amount of an award based on plaintiff's diminished ability to earn. This argument overlooks two things. First, when the arbitrator entered her award, she was not operating in a vacuum; she knew what the plaintiff was earning. Second, and equally important, her award did not cover just the time after plaintiff returned to work—it covered the entire time after the accident. Her award referred to the "$200.00 per week which the plaintiff is earning *or is able to earn in some suitable employment after the accident.*" (Emphasis added.) The emphasized language, when coupled with the arbitrator's all-encompassing "from April 16, 1987 through March 5, 1990," clearly establishes that the $293.30 per week was to be paid beginning October 21, 1988, and is to continue for life.

In view of the clear language of the award, we conclude that the circuit court erred in dismissing the complaint against Butzinger. As to Butzinger Builders the judgment is reversed and the cause is remanded, and the trial court is directed to calculate the amounts due under the analysis set forth herein and to enter a judgment in favor of the plaintiff in an appropriate amount. Obviously, Butzinger is entitled to a credit for amounts paid. If, however, defendant Butzinger had not tendered an amount sufficient to satisfy the award, then the trial court is to award interest as to any unpaid amount according to the analysis set forth in *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675.

■ Finally, we conclude that plaintiff is entitled to costs and attorney fees for the employer's refusal to pay, and the fee award shall include those incurred in prosecuting the appeal. Parties are of course entitled to appeal arbitrators' awards, which defendant did. They are also entitled to appeal Commission awards, which defendant did. They are finally entitled to appeal circuit court awards, which defendant did. The right to appeal is important and should not be circumscribed, but of equal importance is an injured worker's right to be promptly compensated for the full amount of a final award. Plaintiff was injured over seven years ago; if the workers' compensation's goal of prompt payment of legitimate claims is to be achieved, and if employers are to be encouraged to work toward that goal, then the legislative imperative of the imposition of costs and attorney fees on employers who refuse to pay such awards must be implemented. See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 180-81, 384 N.E.2d 353, 356.

Finally, as to whether the circuit court erred in dismissing State Farm as a party defendant, we affirm. It is undisputed that State Farm was named as a party defendant for the first time in the circuit court on May 18, 1993, when plaintiff filed his complaint for entry of judgment pursuant to section 19(g). Thus, State Farm was not named as a party defendant during arbitration proceedings, nor at any time prior to the section 19(g) proceedings.

McAnally argues that State Farm can be made a party to the proceedings on which the award is based (see 820 ILCS 305/4(g) (West 1992)) and it follows that State Farm can be made a party to these proceedings to enforce the award. We disagree. Section 4(g) of the Workers' Compensation Act provides in pertinent part:

> "In the event the employer does not pay the compensation for which he or she is liable, then an insurance company *** which may have insured such employer against such liability shall become primarily liable to pay *** the employee ***. The insur-

ance carrier may be made a party to the proceedings in which the employer is a party and an award may be entered jointly against the employer and the insurance carrier." (820 ILCS 305/4(g) (West 1992).)

While McAnally could have named State Farm as a party defendant early on, he did not do so. Plaintiff has cited no applicable authority conferring claimants in workers' compensation proceedings with the right to name the insurer as a party defendant for the first time in the enforcement-of-judgment proceedings.

■ We are aware of the public policy of this State prohibiting direct actions against insurance carriers prior to obtaining a judgment against the insured. (*Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 47, 485 N.E.2d 327, 329; *Zegar v. Sears Roebuck & Co.* (1991), 211 Ill. App. 3d 1025, 1027, 570 N.E.2d 1176, 1177.) The commonly cited reason for this policy is to prevent the jury from becoming aware that the defendant tortfeasor is insured and thereby possibly awarding a larger verdict. (*Zegar*, 211 Ill. App. 3d at 1028, 570 N.E.2d at 1177.) This, however, is not a personal injury action in which a jury is called upon to render a verdict. Moreover, section 4(g) of the Workers' Compensation Act specifically allows for an insurance company to be named as a party defendant. And, the statute does not mandate that the insurance carrier be made a party to the proceedings: "The insurance carrier *may* be made a party ***." (Emphasis added.) (820 ILCS 305/4(g) (West 1992).) However, where the workers' compensation claimant foregoes naming the insurance carrier at the outset, the claimant may not enforce the workers' compensation award against the carrier without filing a separate action. Under the circumstances, we cannot find that the trial court erred in dismissing State Farm as a party defendant.

In light of the foregoing, we conclude that the trial court did not err in dismissing State Farm as a party defendant, but the court did err in dismissing McAnally's complaint for entry of judgment. This cause is affirmed in part and reversed in part and remanded with directions that the trial court enter a judgment in accordance with the directions set forth herein.

Affirmed in part; reversed in part and remanded with directions.

LEWIS, P.J., and WELCH, J., concur.