No. 2--04--0979

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| AURORA EAST SCHOOL DISTRICT, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 02--MR--331 |
| | ) | |
| DON DOVER, | ) | Honorable |
| | ) | Michael J. Colwell, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Don Dover, sought workers' compensation benefits for injuries he sustained while working for plaintiff, Aurora East School District. Following an immediate hearing pursuant to section 19(b) of the Workers Compensation Act (Act) (820 ILCS 305/19(b) (West 2002)), an arbitrator awarded defendant $59^{6}/_{7}$ weeks' temporary total disability (TTD) benefits, $85,015.04 in medical expenses, and vocational rehabilitation. Plaintiff sought review, and the Industrial Commission[1] (Commission) affirmed and adopted the arbitrator's decision. Plaintiff sought judicial review, and the trial court confirmed the Commission's decision. Plaintiff appealed again, and the Appellate Court, Industrial

---

[1]Now known as the Illinois Workers' Compensation Commission. See Pub. Act 93--721, eff. January 1, 2005.

Commission Division,[2] affirmed.  See Aurora East School District 131 v. Industrial Comm'n, No. 2--03--0230WC (2004) (unpublished order under Supreme Court Rule 23).  The appellate court denied plaintiff's petitions for rehearing and certification.

Subsequently, before the Commission, plaintiff moved for clarification regarding a credit under section 8(j) of the Act (820 ILCS 305/8(j) (West 2002)) for payment of medical bills.  Defendant failed to appear at the hearing, and the motion was continued.  Defendant subsequently filed a section 19(g) motion (820 ILCS 305/19(g) (West 2002)) in the trial court, requesting the court to reduce the Commission's award to a final judgment order. The trial court entered such order in the amount of $127,701.25 and awarded defendant $41,375 in attorney fees.  Plaintiff appeals, and defendant petitions for additional fees and costs and requests postjudgment interest.  We affirm the trial court's order and deny defendant's petition.

## I. BACKGROUND

On December 8, 2000, defendant filed an application for adjustment of claim under the Act, alleging that he sustained injuries to his neck, arms, and legs that arose out of and in the course of his employment with plaintiff.  Following a section 19(b) hearing, an arbitrator awarded defendant $59^6/_7$ weeks' TTD benefits and $85,015.04 in medical expenses and ordered the commencement of vocational rehabilitation.

---

[2]Now known as the Workers' Compensation Commission Division.  See Supreme Court Rule 22(g) (Official Reports Advance Sheet No. 12 (June 8, 2005), R. 22(g), eff. May 23, 2005).

Plaintiff petitioned for review, and the Commission, on August 7, 2002, affirmed and adopted the arbitrator's decision, with the exception of an evidentiary ruling. It remanded the case to the arbitrator pursuant to Thomas v. Industrial Comm'n, 78 Ill. 2d 327, 332-35 (1980), for further proceedings to determine any additional amount of TTD benefits or permanent disability compensation that accrued subsequent to the arbitration hearing.

Plaintiff sought judicial review, and the trial court, on February 10, 2003, confirmed the Commission's decision. Plaintiff appealed again, and the appellate court affirmed. On February 19, 2004, the appellate court denied plaintiff's petitions for rehearing and certification.

On March 30, 2004, plaintiff filed a motion with the Commission, seeking to adjudicate payment of the awarded medical bills. Plaintiff alleged that the $29,908.12 in TTD benefits awarded defendant had already been paid, along with interest. Plaintiff further alleged that, at the time of the hearing, all medical bills remained unpaid. However, subsequent to the arbitration hearing, defendant's group insurance provider, HMO Illinois, had satisfied four of the outstanding medical bills. Plaintiff alleged that HMO Illinois is a third-party administrator for plaintiff and that the group medical benefits that satisfied the outstanding medical bills were funded by plaintiff. Plaintiff further alleged that it paid 100% of defendant's group insurance premiums.

According to plaintiff, it had issued to defendant a check in the amount of $3,454, representing two unpaid medical bills; plaintiff argued that it was entitled to a credit for this payment. Plaintiff further alleged that four medical bills had been satisfied and that no sum was left owing pursuant to the arbitrator's award. It argued that it was entitled to credit for all medical bills paid by HMO Illinois. Plaintiff further alleged that it was making a good-faith

effort to resolve the issue so as to avoid the imposition of penalties. Plaintiff requested that the Commission find that it was entitled to a section 8(j) credit and that no further sum was owed defendant regarding the medical bills. Defendant's attorney did not appear at the April 6, 2004, hearing on plaintiff's motion, and the motion was continued to June 18, 2004.

On May 26, 2004, defendant filed in the trial court a section 19(g) motion seeking to reduce his award to a judgment. Defendant alleged that plaintiff had not paid the award in full and had refused to pay the remaining balance. Also, defendant's attorney filed an affidavit, stating he charged a $300 hourly rate for workers' compensation claims and had spent 165.5 hours on defendant's case. He attached a bill itemizing his time spent on defendant's case.

On May 26, 2004, the trial court entered judgment in defendant's favor in the amount of $127,701.25 for the Commission's award and $41,375 in attorney fees. The court found that plaintiff was not due a credit, as the Commission was without jurisdiction.

Plaintiff moved to reconsider, arguing that the Commission and not the trial court had jurisdiction over the matter, that all remaining sums owed defendant had been paid, and that the court erred in awarding attorney fees. Plaintiff alleged that it had issued checks to defendant in the amount of $7,464.50 "representing payment to Dryer Clinic and all sums paid by HMO Illinois," plus $3,454 to Associated Pathologist ($160) and Park Ridge Anesthesiology ($3,294). Plaintiff argued that, between HMO Illinois's payments and payments it had made, no medical bills remained unpaid. It further alleged that it had agreed to hold defendant harmless for any claims for medical bills.

On September 9, 2004, the trial court denied plaintiff's motion to reconsider. Plaintiff appeals, and defendant petitions for additional attorney fees and costs and requests postjudgment interest.

## II. ANALYSIS

### A. Trial Court's Jurisdiction

Plaintiff argues first that the trial court lacked jurisdiction to reduce the Commission's award to a final judgment order, because the matter was remanded to the Commission by the appellate court and because the section 8(j) credit issue was properly pending before the Commission at the time of the section 19(g) hearing.[3] Plaintiff argues that its motion for clarification filed with the Commission was another stage of the suit and, because it was pending at the time defendant filed his section 19(g) motion, the Commission's decision was not final and therefore the trial court lacked jurisdiction under section 19(g). In arguing that the trial court lacked jurisdiction to consider defendant's section 19(g) motion, plaintiff relies solely on the fact that it had a motion pending before the Commission.

Section 19(b) of the Act provides, in relevant part:

"The Arbitrator may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up

---

[3]Section 8(j) of the Act provides for credits in cases of double recovery through compensation awards and private benefit plans. Board of Education v. Chicago Teachers Union, Local No. 1, 86 Ill. 2d 469, 476 (1981). However, where a party does not assert its right to these credits before either the arbitrator or the Commission, the party waives whatever right it had to them. Board of Education, 86 Ill. 2d at 476.

to the date of the hearing, <u>which award shall be reviewable and enforceable in the same manner as other awards</u>, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability."  (Emphasis added.)  820 ILCS 305/19(b) (West 2002).

A TTD award under section 19(b) is a final and appealable order, notwithstanding the need to remand to the arbitrator for a permanency determination.  See <u>Thomas</u>, 78 Ill. 2d at 332-35.

We reject plaintiff's argument that the trial court lacked jurisdiction because the matter was remanded to the Commission.  The TTD award was affirmed by the appellate court, which subsequently denied plaintiff's petitions for rehearing and certification, thus foreclosing further appeals.  See Official Reports Advance Sheet No. 22 (October 27, 2004), R. 315(a), eff. January 1, 2005 (no petition for leave to appeal to the supreme court may be filed from a judgment of the appellate court designated to hear workers' compensation appeals unless at least one judge of that panel files a statement that the case involves a substantial question that warrants consideration by the supreme court).  In other words, the Commission's decision became final and ripe for enforcement by the entry of a judgment.  Two prerequisites for a section 19(g) proceeding are that the Commission's decision is final and that no review proceedings are pending.  820 ILCS 305/19(g) (West 2002).  As the cause was remanded for only a permanency determination, the Commission had no jurisdiction to further assess and/or amend the awards it made in its section 19(b) decision.

We turn next to whether the trial court had jurisdiction to consider defendant's motion. Section 19(g) of the Act provides, in relevant parts:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such exposure occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered, the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as herein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed. ***

Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Commission, which Commission shall, in case it has on file the address of the employer or the name and address of its agent upon whom notices may be served, immediately send a copy of the notice to the employer or such designated agent." 820 ILCS 310/19(g) (West 2002).

Faced with an employer's failure or refusal to pay a final award from which no further appeal is taken, section 19(g) of the Act provides a statutory remedy for a claimant to reduce the award to an enforceable judgment in the circuit court. Blacke v. Industrial Comm'n, 268 Ill. App. 3d 26, 28 (1994). The award itself is not a judgment. Blacke, 268 Ill. App. 3d at 28. In a section 19(g) proceeding, the trial court exercises limited, special, statutory jurisdiction designed to permit speedy entry of judgment on an award, and the requirements for the court's subject matter jurisdiction are strictly construed. Evans v. Corporate Services, 207 Ill. App. 3d 297, 302 (1990). The court's inquiry is limited to a determination of whether the section's requirements have been met. Konczak v. Johnson Outboards, 108 Ill. App. 3d 513, 516 (1982); see also Evans, 207 Ill. App. 3d at 302. "The court may not question the jurisdiction of the Commission or the legality of its actions." Konczak, 108 Ill. App. 3d at 516. Similarly, the court may not review the Commission's decision or otherwise construe the Act, even if the decision appears too large on its face. Konczak, 108 Ill. App. 3d at 516-17; see also Michael v. Fansteel, Inc., 235 Ill. App. 3d 961, 964 (1992).[4]

The statutory prerequisites for obtaining the judgment require that the claimant give notice to the employer of the time and place for entry of judgment and present the trial court

----

[4]Supreme Court Rule 22(g) provides that the Workers' Compensation Commission Division hears and decides appeals involving only proceedings to review Commission orders. Because a section 19(g) proceeding does not involve the review of a Commission order, the Workers' Compensation Commission Division does not hear and decide appeals from section 19(g) proceedings.

with a certified copy of the Commission award or decision. 820 ILCS 305/19(g) (West 2002). Here, it is undisputed that the foregoing prerequisites were met. Thus, the trial court had jurisdiction to consider defendant's section 19(g) motion.

## B. Judgment Amount

Next, plaintiff argues that, assuming the trial court had jurisdiction to reduce the Commission's decision to a final judgment order, the final $127,701.25 judgment order should be reduced because the amount for which the court entered judgment, representing payments and interest, was $38,945.13 in excess of the amount owed. Plaintiff asserts that defendant's attorney conceded at the May 26, 2004, hearing that plaintiff made three payments and that the balance owed was only $88,756.12.

"Only tender of full payment of the final award is a defense to a section 19(g) petition." Michael, 235 Ill. App. 3d at 964, citing Voorhees v. Industrial Comm'n, 31 Ill. 2d 330, 332 (1964) (a tender of less than the full amount due the employee under the Commission's final award did not constitute a tender, and the trial court properly entered judgment on the full award under section 19(g)); see also Evans, 207 Ill. App. 3d at 303; Ballard v. Industrial Comm'n, 172 Ill. App. 3d 41, 46 (1988). Here, plaintiff concedes that it made only partial payment to defendant. Accordingly, it has no defense to the section 19(g) petition. We conclude that the trial court did not err in entering judgment on the full award.[5]

## C. Attorney Fees Award

---

[5]We express no opinion herein as to whether plaintiff may seek in some other proceeding reimbursement for the payments it made to defendant or on his behalf.

Plaintiff's final argument is that the trial court erred in awarding defendant attorney fees, because plaintiff's conduct did not warrant such fees and because the award violated plaintiff's due process rights.

### 1. Plaintiff's Conduct

We review the assessment of attorney fees under section 19(g) to determine whether the trial court abused its discretion.  See Bettis v. Oscar Mayer Foods Corp., 242 Ill. App. 3d 689, 691 (1993) (standard applied in reviewing denial of costs under section). An abuse of discretion occurs where no reasonable person would agree with the trial court's position.  Homebrite Ace Hardware v. Industrial Comm'n, 351 Ill. App. 3d 333, 337 (2004).

Courts are not required to award attorney fees and costs in every section 19(g) case.  Evans, 207 Ill. App. 3d at 303.  There must be a refusal to pay compensation, or some installment thereof, when it becomes due.  Evans, 207 Ill. App. 3d at 303.  Relevant factors to consider in assessing the unreasonableness of the failure to pay on the part of an employer include: (1) the length of time that transpired between the date the Commission decision became final and the date of the filing of the section 19(g) motion; (2) the parties' negotiations during that period; (3) whether the Commission's decision leaves room for good-faith disagreement as to the amounts owed by the employer; (4) whether and when the employer made a good- faith offer of settlement; and (5) whether the employee ever made a demand for payment.  McGee v. Ractian Construction Co., 231 Ill. App. 3d 929, 935 (1992).

Turning to the first factor, we note that the Commission's decision became final on February 19, 2004, when the appellate court denied plaintiff's petitions for rehearing and

certification. Defendant filed his section 19(g) petition in the trial court on May 26, 2004. Thus, three months passed during which plaintiff could have satisfied its obligation to defendant. Plaintiff argues that the period was short and points out that it filed its motion with the Commission within 60 days of the appellate court's decision, in a good-faith effort to clarify any outstanding balances. However, as we determined above, the Commission did not have jurisdiction to consider plaintiff's motion.

Addressing the second factor, plaintiff maintains that it made numerous efforts to negotiate and communicate with defendant regarding the outstanding amount. However, the record contains no evidence of such communications. Turning to the third factor, we reject plaintiff's argument that the Commission's decision leaves room for good-faith disagreement as to the amounts owed defendant. HMO Illinois, plaintiff's group insurance provider, apparently forwarded medical payments to defendant's medical providers in satisfaction of certain outstanding balances. However, plaintiff did not forward or have forwarded over $85,000 in medical expense payments to defendant, as directed to do so in the Commission's order. It is therefore not the Commission's decision but, rather, plaintiff's actions that have created any confusion as to amounts still owed defendant.

Plaintiff next asserts that it made a good-faith offer of settlement and agreed to hold defendant harmless regarding any claims brought by his medical providers. This argument again ignores the Commission's directive to forward over $85,000 in medical expense payments to defendant. As to the final factor, plaintiff concedes that defendant demanded payment.

In sum, applying the aforementioned factors to the instant case, we cannot conclude that the trial court abused its discretion in awarding defendant attorney fees.

2. Due Process

Plaintiff next argues that the trial court violated its due process rights, where plaintiff's attorney was cut off by the judge and not given the opportunity to be heard, where the court denied plaintiff's request for discovery and a hearing on the fees issue, and where the court, by failing to require defendant's attorney to submit detailed records, did not comply with the law. Plaintiff requests that we vacate the trial court's decision and remand the cause for a hearing on the attorney fees issue.

In considering an attorney fees award, the trial court should consider a variety of factors. Robertson v. Calcagno, 333 Ill. App. 3d 1022, 1028 (2002). These include the skill and standing of the attorney employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation. Robertson, 333 Ill. App. 3d at 1028.

We reject plaintiff's argument that its attorney was cut off by the trial judge every time she attempted to interject an argument challenging the requested fees. Plaintiff's attorney had the opportunity to present plaintiff's case during the hearing on defendant's motion. Although plaintiff's counsel was cut off as she interjected an objection to the $300 hourly rate defendant's counsel requested be used in the fees calculation, the trial court ultimately did reduce the hourly rate to $250.

We also reject plaintiff's argument that its due process rights were violated because the trial judge ignored its request for discovery and a hearing on the fees issue and ignored the law by failing to require that defendant's attorney submit detailed records specifying the

services performed and the computations that were used. A full evidentiary hearing is not always necessary in order to determine reasonable attorney fees. Kaufman, Litwin & Feinstein v. Edgar, 301 Ill. App. 3d 826, 836 (1998). Illinois courts frequently award attorney fees without discovery by the party charged with paying them and without holding an evidentiary hearing. Raintree Health Care Center v. Illinois Human Rights Comm'n, 173 Ill. 2d 469, 495 (1996). A nonevidentiary proceeding is proper so long as the decision maker can determine from the evidence presented, including a detailed breakdown of fees and expenses, what amount would be a reasonable award and the opposing party has an opportunity to be heard. Raintree, 173 Ill. 2d at 495-96. There is no basis in the record to conclude that the trial court abused its discretion in awarding defendant attorney fees. Plaintiff points out that the party seeking attorney fees must set forth with specificity the legal services provided, the identity of the attorney providing the legal services, an itemization of the time expended for the individual service, and the hourly rate charged. See In re Marriage of Konchar, 312 Ill. App. 3d 441, 444 (2000). In the affidavit he filed with defendant's section 19(g) motion, defendant's attorney itemized his charges by specifying, by date, the work performed and time spent (in fractions of an hour) on various tasks. Based on this documentation, we conclude that the trial court did not abuse its discretion in awarding defendant attorney fees.

### C. Defendant's Petition

Finally, defendant petitions for additional attorney fees and costs for time spent in pursuing compliance with the Commission's order after it became final. Specifically, defendant asserts that his attorney spent 10 hours preparing for and arguing in proceedings before the trial court and the Commission; 2 hours reading and reviewing

plaintiff's filings with the trial court and this court; and 20 hours reviewing the case file, performing research, and preparing defendant's appellate brief. Also, defendant spent $15 to file an appearance in the trial court. Accordingly, defendant requests an $8,015 increase in the fees and costs awarded by the trial court and further requests that 9% postjudgment interest be added to the trial court's judgment.

Defendant does not address the authority under which this court may award additional fees and costs. Because defendant petitions for <u>additional</u> fees, we assume the authority on which he relies is section 19(g). However, to preserve the issue for review, defendant was required to file a cross-appeal pursuant to Supreme Court Rule 303(a)(3). Official Reports Advance Sheet No. 22 (October 26, 2005), R. 303(a)(3), eff. January 1, 2006. Raising the issue in the form of a petition to this court is insufficient. Accordingly, we lack jurisdiction to consider the issue of additional attorney fees and costs under section 19(g). <u>Commonwealth Edison Co. v. Industrial Comm'n</u>, 167 Ill. App. 3d 229, 234 (1988). To the extent that defendant asserts a right to attorney fees under any other authority, such as in the form of an appellate sanction for filing a frivolous appeal under Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)), we find his request waived for failure to cite to that authority. See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001 (arguments shall contain citations of the authorities relied upon); <u>Franzoni v. Hart Schaffner & Marx</u>, 312 Ill. App. 3d 394, 405 (2000) (argument waived for failure to cite authority). Turning to defendant's request for postjudgment interest, we again find we lack jurisdiction to consider defendant's request because he failed to file a cross-appeal.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed and defendant's petition is denied.

Affirmed; petition denied.

McLAREN and BYRNE, JJ., concur.