KENNETH W. BEHE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Sullivan Delivery Service, Appellee).

Second District (Illinois Workers' Compensation Commission Division)

No. 2—05—0813WC

Opinion filed May 5, 2006.—Rehearing denied June 5, 2006.

Daniel N. Kadjan, of Arnold & Kadjan, of Chicago, for appellant.

Joseph D. Donnelly, Sr., of Law Offices of Loretta M. Griffin, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Kenneth W. Behe, appeals from the July 27, 2005, order of the circuit court of Du Page County, confirming the December 29, 2004, order of the Industrial Commission[1] (Commission), which dismissed his second petition filed pursuant to section 19(h) of the Workers' Compensation Act (Act) (820 ILCS 305/19(h) (West 2002)). For the reasons that follow, we affirm.

On April 30, 1997, an arbitrator found claimant had suffered an injury arising out of and in the course of his employment with employer, Sullivan Delivery Service, and awarded him 30% loss of the person as a whole. On December 30, 1997, the Commission modified the arbitrator's decision, increasing claimant's award to 50% loss of

---

[1]Renamed the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

the person as a whole. On April 21, 1999, claimant filed a section 19(h) petition, alleging a recurrence or increase in his compensable injuries. On December 6, 2001, the Commission denied claimant's petition. Neither party appealed this decision. On July 22, 2002, claimant again filed a section 19(h) petition. Employer filed a motion to dismiss, alleging the Commission was without jurisdiction to hear claimant's motion because it was filed outside of the 30-month time period prescribed by statute. On December 29, 2004, the Commission granted employer's motion to dismiss, finding the denial of claimant's first section 19(h) petition did not toll the 30-month limitations period mandated by section 19(h) of the Act. In its order, the Commission stated:

> "Both parties cite the same case in support of their respective positions: *Hardin Sign Co. v. Industrial Comm.*, 154 Ill. App. 3d 386, 107 Ill. Dec. 175, 506 N.E.2d 1066 (1987). While the [claimant] cites to language in that case indicating that a 'decision' on a [section] 19(h) [p]etition effectively tolls the 30[-]month limitations period authorized by this section of the Act, the Commission believes that this finding by the court must be read within the context of that decision. In *Hardin Sign*[,] the claimant filed an initial [section] 19(h) [p]etition within the prescribed 30[-]month period. This [p]etition was granted, as claimant was found to have suffered a recurrence of disability and was awarded additional medical expenses and temporary total disability. Thus, when claimant filed a second 19(h) [p]etition eight months later, the court held that the Commission continued to have jurisdiction of the claim because it was filed within 30 months of the last 'award', *i.e.*[,] the decision granting the initial 19(h) [p]etition.
>
> In the case at bar, [claimant's] initial [section] 19(h) [p]etition was denied by the Commission. As such, there was no additional 'award' which would toll the 30[-]month requirement of [s]ection 19(h). To hold that claimants can simply file successive [section] 19(h) [p]etitions, regardless of their merit or whether they are denied by the Commission, would frustrate the meaning of [s]ection 19(h). Claimants could file such [p]etitions every 30 months in order to hold the claim open indefinitely. While the court has made clear that the Act is a 'humane law of a remedial nature' and should be liberally construed to effectuate its purpose, to hold otherwise in this case would frustrate any meaning behind the 30[-]month limitation period."

Claimant appealed this decision to the circuit court. On July 27, 2005, the circuit court confirmed the decision of the Commission. This appeal followed.

■ Section 19(h) of the Act provides in pertinent part:

"[A]s to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." 820 ILCS 305/19(h) (West 2002).

The purpose of section 19(h) is to set a period of time in which the Commission may consider whether an injury has recurred, increased, decreased, or ended. *Eschbaugh v. Industrial Comm'n*, 286 Ill. App. 3d 963, 967, 677 N.E.2d 438, 441 (1996). The 30-month limitations period on review is jurisdictional, and the Commission is divested of its review jurisdiction for change of disability 30 months after an agreement or award of compensation. *Eschbaugh*, 286 Ill. App. 3d at 967, 677 N.E.2d at 442. We note section 19(h) was recently amended by Public Act 94—277 (Pub. Act 94—277, eff. July 20, 2005) to allow a section 19(h) petition to be filed within 60 months of an award made under section 8(d)(1) of the Act. In this case a section 8(d)(1) award was not granted. When review of the arbitrator's decision is not sought, the 30-month limitations period that applies to all other agreements or awards begins from the date of the arbitrator's award. *Greenway v. Industrial Comm'n*, 73 Ill. 2d 273, 276, 383 N.E.2d 201, 202 (1978).

Claimant argues the 30-month limitations period began anew from the date of the denial of his first section 19(h) petition. In support of this argument, claimant relies on *Hardin Sign Co. v. Industrial Comm'n*, 154 Ill. App. 3d 386, 390, 506 N.E.2d 1066, 1069 (1987). Employer argues the situation in *Hardin* is distinguishable from the situation in the case at bar and the case is, therefore, not controlling.

In *Hardin*, the claimant filed a second section 19(h) petition more than 30 months after the entry of the original award. On appeal, the claimant argued the award of additional temporary total disability and medical expenses pursuant to claimant's first section 19(h) petition was a new "award," which created a new date from which the 30-month limitations period would begin to run. In agreeing, the court stated section 19(h) was remedial in nature and should be construed liberally to effectuate the purpose of the Act, namely, to provide financial protection for workers whose earning power is interrupted or terminated as a consequence of injuries arising out of and in the course of employment. *Hardin*, 154 Ill. App. 3d at 390, 506 N.E.2d at 1068-69. The court stated:

"In the first section 19(h) petition, claimant sought additional total temporary disability compensation as well as additional medical

and incidental expenses because he was experiencing recurrent difficulty from his original injury. After a hearing, the Industrial Commission found a change in circumstances and increased the original award so as to include the additional benefits requested. In this regard, it is our conclusion that section 19(h) of the Act mandates that additional review of an award be encouraged so as to effectuate the purpose and spirit of the Act. Furthermore, such method of determination of a claimant's disability eliminates the most difficult problem of attempting to anticipate the progress of a claimant's disability and making a somewhat speculative award to him to cover anticipated increases or decreases in disability. We therefore conclude (1) that no party should be barred from filing more than one section 19(h) petition during the appropriate time limitation, and (2) that the 30-month time limitation provided for in section 19(h) should begin anew from the date of the Industrial Commission's decision on the first section 19(h) petition. Consequently, claimant's second section 19(h) petition was properly and timely filed." *Hardin*, 154 Ill. App. 3d at 390, 506 N.E.2d at 1069.

Claimant argues *Hardin* stands for the proposition that a successive section 19(h) petition will be allowed so long as it is filed within 30 months of the decision on the previous section 19(h) petition. Employer disagrees and submits that, unlike the claimant in *Hardin*, claimant in this case was not awarded additional compensation pursuant to his first section 19(h) petition and, therefore, the limitations period prescribed in section 19(h) of the Act expired 30 months from the date of the Commission's modification of the arbitration award. Because claimant did not file his second section 19(h) petition within this time period, employer argues the Commission was without jurisdiction to hear claimant's claims. We agree.

The court's holding in *Hardin* was made within the context of a change in circumstances that had occurred since the entry of the claimant's award. As the court noted, allowing a claimant to file a subsequent section 19(h) petition after a change in an award alleviates the inherent problem of speculative awards that must account for anticipated increases and decreases in a claimant's disability. See *Hardin*, 154 Ill. App. 3d at 390, 506 N.E.2d at 1069. However, unlike the claimant in *Hardin*, in this case, the Commission, pursuant to claimant's first section 19(h) petition, determined that claimant had not experienced a change in circumstances warranting an increase in the original award. Claimant did not appeal this finding. Under claimant's rationale, a claimant may preserve his right of review in perpetuity so long as a successive section 19(h) petition is filed within 30 months of the denial of the previous section 19(h) petition. This reasoning is contrary to the express language of section 19(h) of the Act.

■ In construing a statute, "[w]e must construe the statute so that each word, clause, and sentence is given a reasonable meaning and not rendered superfluous, avoiding an interpretation that would render any portion of the statute meaningless or void." *Cassens Transport Co. v. Industrial Comm'n*, 218 Ill. 2d 519, 524 (2006). The express language of section 19(h) requires that a petition for review for a change in circumstances be filed within 30 months after the *award* is reviewed by the Commission. First, in order to trigger the right to review, an award must have been made. *Hardin* is not inconsistent with this requirement. The *Hardin* court held that a successive section 19(h) petition filed outside the 30-month limitations period will be permitted only if an award was granted for a change in circumstances on the previous section 19(h) petition. *Hardin*, 154 Ill. App. 3d at 390, 506 N.E.2d at 1069. As a rule, "where the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent." *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 404, 830 N.E.2d 584, 589 (2005). Section 19(h) of the Act was recently amended by Public Act 94—277. However, the amendment did not concern the 30-month limitations requirement. Therefore, it is presumed, in amending this section, the legislature knew of the court's construction of section 19(h)'s limitations requirement and acquiesced to that interpretation. See *R.D. Masonry, Inc.*, 215 Ill. 2d at 404, 830 N.E.2d at 589. Second, any reading of section 19(h) that allows for endless filings of section 19(h) petitions renders the 30-month requirement meaningless and is not an acceptable interpretation. Therefore, the denial of a section 19(h) petition does not toll the 30-month limitations requirement. As such, claimant's second section 19(h) petition was untimely, and the Commission properly determined it did not have jurisdiction to review claimant's petition.

For the foregoing reasons, the trial court's judgment is affirmed.

Affirmed.

HOFFMAN, CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.