NO. 4-09-0753          Filed 6/21/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| CHARLES DALLAS, | ) | Appeal from |
|      Plaintiff-Appellee and | ) | Circuit Court of |
|      Cross-Appellant, | ) | Sangamon County |
|      v. | ) | No. 09MR123 |
| AMEREN CIPS, | ) | |
|      Defendant-Appellant and | ) | Honorable |
|      Cross-Appellee. | ) | Patrick W. Kelley, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Ameren CIPS, appeals an order of the circuit court entering judgment for plaintiff, Charles Dallas, pursuant to an application for entry of judgment filed by plaintiff under section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2008)). Plaintiff cross-appeals, seeking costs and attorney fees on appeal. For the reasons that follow, we affirm the circuit court and deny plaintiff's request for costs and attorney fees on appeal.

I. BACKGROUND

On December 14, 1998, plaintiff suffered an injury to his back while working for defendant. On June 24, 2004, following a hearing, an arbitrator issued a decision granting plaintiff benefits under the Act.

The arbitrator found plaintiff had a compensable injury

that resulted in two lumbar surgeries.  Permanent restrictions placed on plaintiff precluded him from returning to his work with defendant as a lineman or his previous work as a farm laborer. Although the arbitrator found plaintiff did not meet his burden of proof in establishing permanent total disability, plaintiff did qualify for a wage differential (permanent wage loss) under section 8(d)(1) of the Act (820 ILCS 305/8(d)(1) (West 2002)). Specifically, the arbitrator made the following finding on the disputed issue of the nature and extent of the injury:

> "It is found [plaintiff] has sustained his burden of proof in establishing entitlement to a permanent wage loss under [s]ection 8(d)(1) of the Act as of [the] date of maximum medical improvement, January 9, 2003. This wage differential of $465.67 begins as of January 9, 2003[,] and shall apply as long as the disability lasts."

The arbitrator ordered defendant to pay plaintiff temporary total disability benefits of $811.94 per week for 177 4/7 weeks (August 12, 1999, through January 9, 2003).  The arbitrator also ordered defendant to pay plaintiff as follows:

> "the sum of $456.67 [sic] per week for a further period of 68 6/7 weeks, as provided in section 8(d)(1) of the Act because the

injuries sustained caused [w]age loss, lim-
ited to the maximum PPD rate as set forth
above of $465.67, from 01/09/03 through the
date of trial, and ongoing thereafter for the
duration of the disability." (Emphasis in
original.)

Neither party filed a petition for review of the arbitrator's decision. The arbitrator's decision, therefore, became the decision of the Illinois Workers' Compensation Commission (Commission). See 820 ILCS 305/19(b) (West 2002) (unless a petition for review is filed within 30 days, the arbitrator's decision shall become the decision of the Commission and, absent fraud, shall be conclusive). (For the sake of clarity, this court will, like the parties, continue to refer to the decision as the arbitrator's decision.)

On March 25, 2009, plaintiff filed in the circuit court an application for entry of judgment pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2008)). In the application for entry of judgment, plaintiff asserted that no review of the arbitrator's decision was pending and the time for review of the arbitrator's decision had passed. Plaintiff also alleged defendant was "out of time to challenge the arbitrator's decision or pursue any action to assert the disability of the employee has subsequently recurred, increased, diminished, or ended."

- 3 -

Plaintiff further alleged that defendant paid the weekly wage-differential benefits to plaintiff for several years in accordance with the arbitrator's decision. However, on January 24, 2009, defendant informed plaintiff the weekly wage-differential payments would be terminated. Plaintiff had not received weekly wage-differential payments since the end of January 2009. Plaintiff sought entry of judgment and an award of costs and attorney fees.

On April 22, 2009, defendant filed a responsive pleading. Defendant agreed that (1) the time for review of the arbitrator's decision had passed, (2) defendant had complied with the arbitrator's decision until "the recent developments, questioning how long the disability has lasted," (3) defendant notified plaintiff as to the basis and date of termination of the wage-differential benefits, and (4) no benefits had been paid as of the date of the termination of the wage-differential benefits. Defendant disputed that defendant was out of time to challenge the arbitrator's decision or pursue any remedy, "in view of evidence subsequently gathered questioning whether the disability, that served as premise for the [d]ecision, has continued." Defendant also disputed whether the failure to pay was improper and its responsibility for costs and attorney fees.

On June 18, 2009, plaintiff filed a motion for judgment on the pleadings. On that same date, defendant filed a motion

- 4 -

for leave to file "[c]ounterclaim/[a]ffirmative [d]efenses for [e]quitable [r]elief" (hereinafter referred to as the counterclaim). Defendant attached to its motion for leave a proposed counterclaim for equitable relief.

In the motion for leave, defendant alleged that following plaintiff's injury, plaintiff was unable to return to work as a lineman for defendant. After expiration of the time for review of the arbitrator's decision, plaintiff obtained full-time employment as a lineman at an hourly rate in excess of his rate of pay with defendant. Defendant believed plaintiff's alleged disability had ended or diminished. Therefore, in January 2009, defendant terminated plaintiff's wage-differential benefits.

Defendant further asserted it had no adequate remedy at law because the time for review had passed. Defendant argued plaintiff was entitled to the wage-differential benefits only so long as the disability lasted, and, because plaintiff was no longer incapacitated from working as a lineman, plaintiff was not entitled to receive the wage-differential benefits. Defendant's proposed counterclaim sought an order that (1) defendant was no longer obligated to pay plaintiff wage-differential benefits and (2) the wage-differential benefits received by plaintiff after he became reemployed as a lineman should be held in constructive trust for the benefit of defendant and conveyed to defendant. Defendant also filed a motion seeking to stay entry or enforce-

ment of judgment under section 19(g) until the court determined whether defendant was entitled to equitable relief.

On July 2, 2009, plaintiff filed a motion to strike defendant's motions for leave and for a stay. Plaintiff argued the circuit court only had jurisdiction to determine whether the requirements of section 19(g) of the Act had been met and enter the workers' compensation award as a civil court judgment.

On July 8, 2009, the circuit court held a hearing. No transcript, bystander's report, or agreed statement of facts pertaining to this hearing has been provided on appeal.

On September 1, 2009, the circuit court entered an order denying (1) defendant's motion for leave to file the counterclaim, (2) defendant's motion for stay, and (3) plaintiff's motion to strike defendant's motions. The court granted plaintiff's motion for judgment on the pleadings. The court entered judgment in favor of plaintiff and against defendant (1) in accordance with the arbitrator's decision and (2) in the amount of $5,705.50 for attorney fees and costs.

On October 1, 2009, defendant filed a notice of appeal. On October 7, 2009, plaintiff filed a notice of cross-appeal for the purpose of requesting additional fees and costs on appeal.

II. ANALYSIS

A. Issues Raised in Defendant's Appeal

In its direct appeal, defendant argues (1) defendant is

without an adequate remedy at law and a court of equity should determine whether defendant must continue to pay benefits to plaintiff and (2) defendant should have been granted leave to amend.

Generally, a trial court's decision on whether to grant leave to file a counterclaim or an affirmative defense is reviewed for an abuse of discretion. See, e.g., Todd W. Musburger, Ltd. v. Meier, 394 Ill. App. 3d 781, 796, 914 N.E.2d 1195, 1210 (2009) (involving leave to file amended affirmative defenses); Trustees of Schools of Township 42 North, Range 11, East of Third Principal Meridian, Cook County, Illinois v. Schroeder, 8 Ill. App. 3d 122, 124, 289 N.E.2d 247, 249 (1972) (holding that the "trial court had discretion to allow or deny filing of the counterclaim" postdecree). Here, however, the issue raised by defendant requires statutory construction--whether the Act permitted such a defense in an action under section 19(g) of the Act. Therefore, our review is de novo. See, e.g., Cassens Transport Co. v. Illinois Industrial Comm'n, 218 Ill. 2d 519, 524-25, 844 N.E.2d 414, 418-19 (2006) (reviewing de novo whether the Commission had jurisdiction to reopen a 10-year-old wage-differential award de novo because the case required interpretation of section 8(d)(1) of the Act).

"Proceedings under the Workers' Compensation Act are purely statutory, and courts can obtain jurisdiction only in the

manner provided by that Act."  Beasley v. Industrial Comm'n, 198 Ill. App. 3d 460, 464, 555 N.E.2d 1172, 1174 (1990); see also Kavonius v. Industrial Comm'n, 314 Ill. App. 3d 166, 169, 731 N.E.2d 1287, 1290 (2000) (noting that circuit courts exercise special statutory jurisdiction in workers' compensation proceedings and strict compliance with the statute is required to vest the court with subject-matter jurisdiction).  Section 19(g) of the Act gives circuit courts the authority to render judgment in accordance with an award or decision of the Commission when a certified copy of the decision is presented to the court.  Ahlers v. Sears, Roebuck Co., 73 Ill. 2d 259, 264, 383 N.E.2d 207, 209 (1978).  Section 19(g) provides as follows:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the [a]rbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith.  In

- 8 -

a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered[,] the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as herein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed."  820 ILCS 305/19(g) (West 2008).

Section 19(g) is "designed to permit speedy entry of judgment on an award." Aurora East School District v. Dover, 363 Ill. App. 3d 1048, 1055, 846 N.E.2d 623, 629 (2006).  The circuit court's inquiry is limited to determining whether the requirements of section 19(g) have been met. Ahlers, 73 Ill. 2d at 268, 383 N.E.2d at 211.  The court cannot question the jurisdiction of the Commission, question the legality of the Commission's actions, review the Commission's decision, or "otherwise construe the Act, even if the decision appears too large on its face."

- 9 -

Aurora East School District, 363 Ill. App. 3d at 1055, 846 N.E.2d at 629; see also Ahlers, 73 Ill. 2d at 268, 383 N.E.2d at 211 (the court can refuse to "enter judgment only, for example, when a lack of jurisdiction appears on the face of the record").  The only defense to a section 19(g) petition is full payment of the final award.  Aurora East School District, 363 Ill. App. 3d at 1055, 846 N.E.2d at 630.

In this appeal, defendant does not challenge whether the requirements of section 19(g) have been met; nor does defendant assert that full payment has been tendered.  Defendant only challenges the circuit court's refusal to consider defendant's claim that plaintiff was no longer entitled to a wage-differential payment.

Such an argument is not appropriately raised in a section 19(g) proceeding.  See McCormick v. McDougal-Hartmann Co., 47 Ill. 2d 340, 343, 265 N.E.2d 610, 612 (1970) (employer could not raise, in an action to enforce an award of compensation under section 19(g), its claim that it was entitled to credit for recovery the employee received from a third party); Franklin v. Wellco Co., 5 Ill. App. 3d 731, 734, 283 N.E.2d 913, 915 (1972) ("An employer cannot have the award reviewed by filing an answer in an action brought by the employee under section 19(g) to enforce the award").  Therefore, the circuit court did not have jurisdiction to review the award and did not err by denying

- 10 -

defendant leave to file its counterclaim.

Defendant was not without a remedy.  As noted, the arbitrator awarded plaintiff a wage differential pursuant to section 8(d)(1) of the Act (820 ILCS 305/8(d)(1) (West 2002)). Section 8(d)(1) of the Act "provides that an employee who is partially incapacitated from pursuing his usual and customary line of employment shall receive a portion of the difference between his former wages and the wages he earns or is able to earn in his new employment."  Cassens, 218 Ill. 2d at 522, 844 N.E.2d at 417, citing 820 ILCS 305/8(d)(1) (West 2002).  "An employee receiving an installment award under section 8(d)(1) is entitled to compensation 'for the duration of his disability.'" Cassens, 218 Ill. 2d at 522, 844 N.E.2d at 417, quoting 820 ILCS 305/8(d)(1) (West 2002).

Section 8(d)(1) itself does not "authorize the Commission to reopen final installment awards for partial disability." Cassens, 218 Ill. 2d at 528, 844 N.E.2d at 421.  However, under section 19(h) of the Act, the Commission has the authority, for a proscribed period of time, to review an installment award.  See Alvarado v. Industrial Comm'n, 216 Ill. 2d 547, 555, 837 N.E.2d 909, 915 (2005) (under section 19(h), where the employee's disability has recurred, increased, diminished, or ended, the Commission may review an award); Eschbaugh v. Industrial Comm'n, 286 Ill. App. 3d 963, 966, 677 N.E.2d 438, 441 (1996) (finding

section 19(h) of the Act gives the Commission continuing jurisdiction over an award providing for compensation in installments for a proscribed period of time, and the time provision of section 19(h) jurisdictional).

Section 19(h) provides as follows:

"An agreement or award under this Act providing for compensation in installments, may at any time within 18 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished[,] or ended.

However, as to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months, or 60 months in the case of an award under [s]ection 8(d)1, after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee

- 12 -

has subsequently recurred, increased, dimin-

ished[,] or ended.

On such review, compensation payments

may be re-established, increased, dimin-

ished[,] or ended."  820 ILCS 305/19(h) (West

2008).

As such, section 19(h) provides a period of time in which the Commission may consider whether an injury has recurred, increased, decreased, or ended.  Behe v. Industrial Comm'n, 365 Ill. App. 3d 463, 466, 848 N.E.2d 611, 614 (2006).  The 30-month time period applies here because the 60-month time period applies only to injuries that occurred on or after February 1, 2006.  See Pub. Act. 94-277, §95, eff. July 20, 2005 (2005 Ill. Legis. Serv. 1911, 1965 (West)).  Therefore, in this case, defendant could have petitioned the Commission, within 30 months of the wage-differential award, and argued the injury diminished or ended.  See Cassens, 218 Ill. 2d at 528, 844 N.E.2d at 421 (noting that the employer could have asked the Commission to reopen an installment award on the ground that the employee's disability diminished or ended but had to do so within 30 months of the issuance of the award).

While this outcome seems unfair, this court is bound by the statute and Cassens to so rule and encourages the legislature to revisit this situation.  A totally and permanently disabled

employee's benefits may be terminated upon the employer learning the disability no longer exists, but a partially permanently disabled employee's benefits pursuant to section 8(d)(1) (wage differential) may not.  See 820 ILCS 305/8(f) (West 2008) (providing that in cases of complete disability, if the employee returns to work or is able to do so and earns as much as before the accident or is able to do so, payments under the award shall cease); Cassens, 218 Ill. 2d at 527, 529, 844 N.E.2d at 421 (finding "[s]ection 8(f) indicates that employers may cease payments when a totally and permanently disabled employee returns to the workforce, giving the employee authorization to petition the Commission for review of the award" and construing the statute as authorizing "ongoing review" by the Commission).  Concededly, just as the employer can only petition to terminate benefits on a wage differential within 60 months (for injuries occurring on or after February 1, 2006), an employee may not seek an increase in his wage differential even if further disabled after 60 months.

Defendant also argues on appeal that it should have been allowed to amend its pleading.  Nothing in the record demonstrates defendant sought leave to amend or shows what that amendment entailed.  In any event, one of the factors considered when determining whether to permit amendment to a pleading is whether the amendment would cure the defect in the pleading.  See

- 14 -

Gurnitz v. Lasits-Rohline Service, Inc., 368 Ill. App. 3d 1129, 1132, 859 N.E.2d 1156, 1159 (2006).  Here, defendant could not cure the defect in the pleading because its counterclaim was not a proper defense to the section 19(g) action, and, in any event, the trial court was not the proper forum in which to raise its claim that plaintiff's injury diminished or ended.  See 820 ILCS 305/19(h) (West 2008) (providing the method and means for challenging an installment award under the Act before the Commission).  Consequently, we affirm the circuit court's judgment.

### B. Plaintiff Not Entitled to Costs and Attorney Fees Incurred on Appeal

In his cross-appeal, plaintiff argues he is entitled to costs and attorney fees incurred on appeal either under section 19(g) of the Act or pursuant to Supreme Court Rule 375, which pertains to frivolous appeals.

Section 19(g) of the Act provides for an award of costs and attorney fees in certain circumstances:

"In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose

- 15 -

favor the judgment is entered, which judgment

and costs taxed as therein provided shall,

until and unless set aside, have the same

effect as though duly entered in an action

duly tried and determined by the court, and

shall with like effect, be entered and dock-

eted."  (Emphasis added.)  820 ILCS 305/19(g)

(West 2008).

In this case, the circuit court did, in conformance with section 19(g), award plaintiff his reasonable costs and attorney fees. Plaintiff now seeks costs and attorney fees incurred on appeal. Section 19(g) does not, however, specifically provide for payment of attorney fees incurred on appeal.

In support of his argument that he is entitled to costs and attorney fees incurred on appeal, plaintiff cites McAnally v. Butzinger Builders, 263 Ill. App. 3d 504, 636 N.E.2d 19 (1994). In McAnally, the trial court dismissed the plaintiff's section 19(g) petition.  McAnally, 263 Ill. App. 3d at 506, 636 N.E.2d at 20.  On appeal, the appellate court reversed and remanded, directing the trial court to calculate the amount due and to enter a judgment in favor of plaintiff.  McAnally, 263 Ill. App. 3d at 509, 636 N.E.2d at 22.  The appellate court also found "plaintiff [was] entitled to costs and attorney fees for the employer's refusal to pay, and the fee award shall include those

incurred in prosecuting the appeal." McAnally, 263 Ill. App. 3d at 509, 636 N.E.2d at 22. The court reasoned that although the right to appeal is important, the injured worker also has the right to be promptly compensated for the full amount of the final award. McAnally, 263 Ill. App. 3d at 509, 636 N.E.2d at 22.

In contrast here, the circuit court granted plaintiff's 19(g) petition and awarded costs and attorney fees as provided by section 19(g) of the Act. No remand is required here, as entry of judgment has occurred. Nothing in the language of section 19(g) compels an award of attorney fees under these circumstances. Section 19(g) refers to an award of costs and attorney fees incurred in the arbitration proceedings and in the court entering judgment. Unlike the situation in McAnally, where the circuit court was directed to enter judgment to include costs and attorney fees incurred on appeal, no remand is required here. As such, section 19(g) of the Act does not require this court to award plaintiff his costs and attorney fees incurred on appeal, and we decline to do so.

Plaintiff also seeks costs and attorney fees incurred on appeal pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)). Supreme Court Rule 375(b) calls for sanctions where an appeal is not reasonably well grounded in law or fact and is made in bad faith or to avoid paying an award. 155 Ill. 2d R. 375(b). The imposition of sanctions under Rule 375(b) is within the

appellate court's discretion.  See <u>Residential Carpentry, Inc. v. Illinois Workers' Compensation Comm'n</u>, 389 Ill. App. 3d 975, 976, 910 N.E.2d 109, 111 (2009).  We find that although defendant's argument on appeal was unpersuasive, the argument was not so lacking in foundation and law and evidence as to merit sanctions. <u>Greene Welding & Hardware v. Illinois Workers' Compensation Comm'n</u>, 396 Ill. App. 3d 754, 759, 919 N.E.2d 1129, 1134 (2009). Therefore, we deny plaintiff's request for costs and attorney fees on appeal.

### III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment and deny plaintiff's request on cross-appeal for costs and attorney fees.

Affirmed.

KNECHT and TURNER, JJ., concur.