2015 IL App (2d) 140037
No. 2-14-0037
Opinion filed June 26, 2015

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SUNRISE ASSISTED LIVING, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11-MR-1348 |
| | ) | |
| HEATHER BANACH, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | Honorable |
| (The Illinois Workers' Compensation | ) | Jorge L. Ortiz, |
| Commission, Defendant). | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices Jorgensen and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    An arbitrator found defendant Heather Banach to be permanently partially disabled (PPD) and temporarily totally disabled (TTD). The Illinois Workers' Compensation Commission (Commission) approved and adopted the arbitrator's decision, and plaintiff, Sunrise Assisted Living (Sunrise), paid installments according to the award. The circuit court and the appellate court affirmed the Commission's decision.

¶ 2    During appellate review, Banach petitioned to increase the arbitration award under sections 19(h) and 8(a) of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/19(h), 8(a) (West 2012)), claiming that her condition had worsened. Thereafter, Banach filed in the

circuit court an application for judgment pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2012)), arguing that she is entitled to interest under section 2-1303 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1303 (West 2012)).  The circuit court denied the application, ruling that section 2-1303 of the Code does not apply, because Sunrise satisfied the arbitration award by tendering all ordered payments, including interest under section 19(n) of the Act (820 ILCS 305/19(n) (West 2012)), before Banach applied for judgment under section 19(g).

¶ 3    On appeal, Banach argues that she is entitled to interest under section 2-1303 of the Code.  Sunrise responds that the trial court did not have jurisdiction to consider Banach's section 19(g) application, and that this court lacks jurisdiction to review the denial, because her petition to increase the arbitration award under sections 19(h) and 8(a) was pending when the application was filed.  Sunrise alternatively argues that Banach is not entitled to interest under section 2-1303 of the Code because (1) the Commission's award, by itself, is not a judgment, and (2) Sunrise timely paid the amounts due under the arbitration award, including interest under section 19(n) of the Act.  We hold that the trial court had jurisdiction to consider the section 19(g) application, this court has jurisdiction to review the denial, and the trial court did not err in denying Banach interest under section 2-1303.

¶ 4                            I. BACKGROUND

¶ 5    Banach filed a workers' compensation claim against Sunrise, seeking benefits pursuant to the Act, for a work-related injury that occurred on March 6, 2007.  On June 17, 2010, the arbitrator entered a decision finding that Banach's injury arose out of and in the course of her employment and that her current condition was causally related to the accident.  The arbitrator ordered Sunrise to pay Banach (1) TTD benefits in the amount of $250 per week for 107 5/7 weeks; (2) PPD benefits in the amount of $225 per week for 225 weeks, because the injury

caused the PPD to her person as a whole to the extent of 45% thereof; (3) $322,922 for her medical expenses; and (4) $1,520 in interest under section 19(n) of the Act.

¶ 6     On July 5, 2011, the Commission affirmed and adopted the arbitrator's decision, and the trial court confirmed the Commission's decision on March 15, 2012. Sunrise timely appealed on April 11, 2012, and the appellate court affirmed the trial court's order on February 5, 2013. *Sunrise Assisted Living v. Illinois Workers' Compensation Comm'n*, 2013 IL App (2d) 120424WC-U. On March 7, 2013, before the appellate court issued its mandate, Sunrise tendered three payments: $310,695 for medical expenses (after applying a $12,227 credit), $63,630 in TTD and PPD benefits (after applying a $13,924 credit), and $1,520 in interest under section 19(n) of the Act.

¶ 7     On October 29, 2012, while the appeal was pending, Banach filed a petition to modify the arbitration award under sections 19(h) and 8(a) of the Act. Section 19(h) allows, where there is a material change in the employee's disability, either the employee or the employer to petition the Commission to review an installment award within a limited period of time. *Cassens Transport Co. v. Illinois Industrial Comm'n*, 218 Ill. 2d 519, 527 (2006). Similarly, section 8(a) provides for review if additional medical expenses are incurred after the award.

¶ 8     On April 1, 2013, while her petition for modification under sections 19(h) and 8(a) was pending before the Commission, Banach filed an application in the trial court for a judgment on the original award, pursuant to section 19(g) of the Act. Generally, section 19(g) provides that, "when no proceedings for review are pending," either party may present a copy of the award to the appropriate circuit court, "whereupon the court shall enter a judgment in accordance therewith." 820 ILCS 305/19(g) (West 2012). Banach contended that section 2-1303 of the Code entitled her to an additional $56,395, representing 9% interest from July 5, 2011, the date

of the Commission's decision, to March 7, 2013, the date on which Sunrise tendered its first payment.

¶ 9 On April 12, 2013, Sunrise moved to dismiss the application for judgment, arguing that the trial court lacked jurisdiction under section 19(g), because Banach's petition for modification was pending before the Commission. Sunrise further argued that Banach was not entitled to interest under section 2-1303 of the Code from the date of the award, because (1) the award, itself, is not a judgment for which interest would be owed under the Code and (2) Sunrise paid all the interest due under section 19(n) of the Act.

¶ 10 On December 11, 2013, the trial court denied Banach's section 19(g) application, concluding that, "since the full tender of the [Commission's] award and proper section 19(n) interest was tendered by [Sunrise] before Banach filed any type of petition under section 19(g) of the Act, the Commission's award was never reduced to a judgment under section 19(g) of the Act. Therefore, section 2-1303 interest at 9% was never applicable to the [Commission's] decision." Banach filed a timely notice of appeal from the order.

¶ 11                                II. ANALYSIS

¶ 12 On appeal, Banach argues that she is entitled to interest under section 2-1303 of the Code. Sunrise responds that the trial court did not have jurisdiction to consider Banach's section 19(g) application, and this court lacks jurisdiction to review the denial, because her petition to increase the arbitration award under sections 19(h) and 8(a) was pending when the application was filed. Sunrise also renews its argument that Banach is not entitled to interest under section 2-1303 of the Code, because (1) the Commission's award, by itself, is not a judgment, and (2) Sunrise timely paid the amounts due under the arbitration award, including interest under section 19(n) of the Act.

¶ 13                                    A. Jurisdiction

¶ 14     Sunrise contends that the trial court lacked subject matter jurisdiction to consider Banach's application for a judgment under section 19(g) of the Act, because her petition to modify the award under sections 19(h) and 8(a) was pending.[1]  Resolving the jurisdictional issue requires the interpretation of the statutes.  The primary objective of statutory interpretation is to give effect to the intent of the legislature, and the most reliable indicator of legislative intent is the language of the statute given its plain, ordinary, and popularly understood meaning.  *Gardner v. Mullins*, 234 Ill. 2d 503, 511 (2009).  The statute " 'should be read as a whole with all relevant parts considered.' "  *Gardner*, 234 Ill. 2d at 511 (quoting *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990)).  If the statutory language is clear, a reviewing court need not resort to extrinsic aids of construction, such as legislative history.  *Northern Kane Educational Corp. v. Cambridge Lakes Education Ass'n, IEA-NEA*, 394 Ill. App. 3d 755, 758 (2009).  In such a situation, a court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are inconsistent with the express legislative intent.  *Landheer v. Landheer*, 383 Ill. App. 3d 317, 321 (2008).  Nonetheless, when reviewing a statute, we also consider the subject it addresses and the legislature's apparent objective in enacting it, while presuming that the legislature did not intend to create absurd, inconvenient, or unjust results.  *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006).  The construction of a statute presents a question of law, which we review *de novo*.  *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 510-11 (2007).

---

[1] Sunrise has moved to dismiss the appeal on the ground that we lack jurisdiction because the trial court lacked jurisdiction, and we have taken the motion with the case.

¶ 15    Section 19(g) confers authority upon a circuit court to render a judgment in accordance with an award or other decision of the Commission when a certified copy thereof is presented to the court.  Section 19(g) provides in relevant part as follows:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, *when no proceedings for review are pending*, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith."  (Emphasis added.) 820 ILCS 305/19(g) (West 2012).

¶ 16    Sunrise concludes that the proceedings on the section 19(h) petition qualify as "proceedings for review" that would bar an application for judgment under section 19(g), because section 19(h) repeatedly uses the term "review."  Section 19(h) prescribes a procedure for modifying compensation paid in installments and provides in relevant part as follows:

"An agreement or award under this Act providing for compensation in installments, may at any time within 18 months after such agreement or award *be reviewed by the Commission* at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended.

However, as to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months, or 60 months in the case of an award under Section 8(d)1, after such agreement or award *be reviewed by the Commission* at the request of either the employer or the

employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended.

On such *review*, compensation payments may be re-established, increased, diminished or ended. The Commission shall give 15 days' notice to the parties of the hearing for *review*. Any employee, upon any petition for such *review* being filed by the employer, shall be entitled to one day's notice for each 100 miles necessary to be traveled by him in attending the hearing of the Commission upon the petition, and 3 days in addition thereto. ***

When compensation which is payable in accordance with an award or settlement contract approved by the Commission, is ordered paid in a lump sum by the Commission, no *review* shall be had as in this paragraph mentioned." (Emphases added.) 820 ILCS 305/19(h) (West 2012).

¶ 17 Sunrise's position carries obvious superficial appeal in that section 19(g) authorizes an application for judgment only "when no proceedings for review are pending" and that section 19(h) repeatedly refers to its proceedings as a "review" of the award. However, Sunrise takes the term "review" out of the broader context of the contrasting purposes of sections 19(g) and 19(h). Read in that context, the statutory language compels us to conclude that proceedings initiated under section 19(h) are not "proceedings for review" that would bar an application for judgment under section 19(g).

¶ 18 When "the disability of the employee has subsequently recurred, increased, diminished or ended," section 19(h) prescribes a procedure by which either the employee or the employer may petition the Commission to modify an award to be paid in installments. 820 ILCS 305/19(h) (West 2012). Accordingly, section 19(h) authorizes the Commission to re-establish, increase,

diminish, or end future installments; but when compensation is ordered by the Commission to be paid in a lump sum, section 19(h) does not authorize modification. Thus, section 19(h) does not authorize review of lump-sum payments or installments that have already accrued. An order entered by the Commission under section 19(h) is one for future modification based on a material change in the employee's disability, rather than a review of the original finding of disability.

¶ 19    Harmoniously interpreted, sections 19(g) and 19(h) provide that the trial court may not enter judgment on the original award while the Commission is reviewing whether that award is proper, but judgment on the original award may be entered when the Commission is deciding under section 19(h) whether a material change in circumstances warrants a prospective modification.

¶ 20    A literal interpretation of sections 19(g) and 19(h) would lead to inconvenient results that run contrary to the remedial purpose of the Act. To hold that section 19(h) proceedings for prospective modification qualify as "proceedings for review" that preclude a judgment under section 19(g) would deny a claimant the benefits upon which he depends while a collateral matter remains pending. Under Sunrise's interpretation of the Act, an employer could block the claimant's application for judgment under section 19(g) by initiating section 19(h) proceedings to modify future installments. Although there are no allegations of such gamesmanship in this case, the legislature certainly did not intend proceedings to modify future benefits to thwart a claimant's attempt to enforce the award of accrued benefits. We hold that section 19(h) proceedings are not "proceedings for review" under section 19(g), to effectuate the Act's policy and prevent litigants from causing needless delay in section 19(g) proceedings.

¶ 21    Our conclusion is supported by *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 262 (1978), where the employer agreed to make monthly payments of $725 for nursing services for the disabled employee, who could not care for herself.  The parties agreed that the payments would be discontinued if the nursing care were no longer needed or different nursing care were required.  After honoring its obligation for three years, the employer petitioned the Commission to reopen the case on the ground that, because nursing services were no longer being provided, the payment obligation had ended.  The employer unilaterally terminated payments, but the Commission denied the petition to reopen the case and the employer did not seek review. *Ahlers*, 73 Ill. 2d at 262-63.

¶ 22    More than a year after the employer stopped making payments, the employee filed an application for judgment under section 19(g) for the unpaid amounts that had accrued since that time.  *Ahlers*, 73 Ill. 2d at 263.  The trial court entered two judgments for the arrearages, the employer appealed, and, while the appeal was pending, the employer again petitioned the Commission to reopen the case.  *Ahlers*, 73 Ill. 2d at 263.  The appellate court affirmed the judgments for the arrearages, and two days later the Commission reduced the employer's future payment obligation.  *Ahlers*, 73 Ill. 2d at 264.

¶ 23    On appeal to the supreme court, the employer argued, *inter alia*, that the trial court could not enter the judgments for the arrearages, because proceedings for review were pending before the Commission.  The supreme court disagreed, holding that the record revealed that no proceedings regarding nursing care were pending in the Commission when the judgments were entered.  *Ahlers*, 73 Ill. 2d at 266-67.  First, although a petition filed by the employee might have been pending before the Commission when the trial court entered the judgments, matters unrelated to nursing care were at issue in that petition.  Second, although the employer placed the

issue of nursing care before the Commission by petitioning to decrease the payments, that petition was filed after the judgments had been entered and were on review in the appellate court. In short, no proceedings involving the issue of nursing care were pending when the trial court entered the judgments, and the supreme court rejected the employer's argument, accordingly. *Ahlers*, 73 Ill. 2d at 267.

¶ 24    The *Ahlers* court held that the section 19(g) application for judgment on the nursing-care arrearages was not barred by the pending proceedings, because the latter did not involve nursing care. In this case, the section 19(g) application relates to the award of medical expenses, TTD benefits, and PPD benefits. The record before us does not indicate on what grounds Banach was petitioning for an increase in benefits; however, the prospective nature of section 19(h) shows that the petition must have addressed future installments, not the lump sum or installments that already had accrued. Thus, one could argue that the subject matter of the section 19(h) petition (*i.e.*, increasing future installments) was different from the subject matter of the section 19(g) application (*i.e.*, the lump sum and accrued installments).

¶ 25    Regardless, *Ahlers* stands at least for the proposition that not all proceedings for review bar a section 19(g) application. In this case and in *Ahlers*, a petition filed by the employee was pending before the Commission when the employee applied for the judgment. Consistent with *Ahlers*, we agree with the trial court that Banach's section 19(g) application could be heard, despite the pending section 19(h) proceedings. We conclude that the trial court had subject matter jurisdiction to consider the application, and we deny Sunrise's motion to dismiss this appeal.

¶ 26                                B. Post-Award Interest

¶ 27    Banach argues that she is entitled to a judgment under section 19(g) and interest under section 2-1303 of the Code.  Section 2-1303 governs prejudgment and postjudgment interest and provides in relevant part as follows:

> "Judgments recovered in any court shall draw interest at a rate of 9% per annum from the date of the judgment until satisfied \*\*\*.  When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment.  Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time.  The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment."  735 ILCS 5/2-1303 (West 2012).

¶ 28    As discussed, section 19(g) provides that "either party may present \*\*\* a certified copy of the decision of the Commission when the same has become final, \*\*\* whereupon the court shall enter a judgment in accordance therewith."  820 ILCS 305/19(g) (West 2012).  The court must enter judgment on the award without questioning the Commission's decision, even if the court disagrees with the Commission's construction of the law. *Ahlers*, 73 Ill. 2d at 268.  In this appeal, Sunrise does not challenge the validity of the award approved by the Commission, but rather contends that no judgment is warranted because it made full payment immediately following the previous appeal.  Tender of full payment of the final award is a defense to a section 19(g) petition. *Voorhees v. Industrial Comm'n*, 31 Ill. 2d 330, 332 (1964) (a tender of less than the full amount due the employee under the Commission's final award did not constitute a tender, and the trial court properly entered judgment on the full award under section 19(g)).

¶ 29    We find guidance in *Radosevich v. Industrial Comm'n*, 367 Ill. App. 3d 769 (2006), where the claimant argued that the trial court failed to award proper interest on the workers' compensation award.  Neither party sought review of the award, but the claimant applied for a section 19(g) judgment and argued that interest under section 2-1303 of the Code should be awarded from the date of the arbitrator's award through the date the employer paid the award in full.  *Radosevich*, 367 Ill. App. 3d at 777.

¶ 30    In *Radosevich*, the arbitrator's award set section 19(n) interest at the rate of 1.64% from the date of the award through the day prior to the date of payment.  *Radosevich*, 367 Ill. App. 3d at 777.  In this case, the arbitrator's award set section 19(n) interest at the rate of 0.15% from the date of the award through the day prior to the date of payment.  Banach does not contend that Sunrise failed to make the payments according to the award or that the calculation of the section 19(n) interest was incorrect; she asserts only that section 2-1303 of the Code entitles her to additional interest from the date of the award until Sunrise tendered payment.

¶ 31    The *Radosevich* court observed that a claimant is entitled to section 19(n) interest on all awards of arbitrators and decisions of the Commission.  *Radosevich*, 367 Ill. App. 3d at 777 (citing 820 ILCS 305/19(n) (West 2004)).  Interest pursuant to section 19(n) is " 'drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments.' "  *Radosevich*, 367 Ill. App. 3d at 777 (quoting 820 ILCS 305/19(n) (West 2004)).

¶ 32    In contrast, a claimant is entitled to section 2-1303 interest if and when the arbitrator's award or the Commission's decision becomes an enforceable judgment.  *Radosevich*, 367 Ill. App. 3d at 778.  When an employer fails or refuses to pay an arbitrator's award that becomes the Commission's decision, and no further appeal is taken, a claimant may file a petition pursuant to

section 19(g) of the Act to reduce the award to an enforceable judgment in the circuit court. *Radosevich*, 367 Ill. App. 3d at 778 (citing 820 ILCS 305/19(g) (West 2004)). "Section 2-1303 provides that judgments shall draw interest at the rate of 9% per annum from the date of judgment, and '[w]hen judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment.' " *Radosevich*, 367 Ill. App. 3d at 778 (quoting 735 ILCS 5/2-1303 (West 2004)).

¶ 33    Once a claimant implements section 19(g) of the Act because the employer has failed to pay, a resulting order of the circuit court is an enforceable judgment, and section 2-1303 interest is properly awarded from the date of the arbitrator's award through the date that judgment was entered on that award. In addition, any prospective payments due pursuant to the section 19(g) judgment that are untimely shall also be subject to section 2-1303 interest. *Radosevich*, 367 Ill. App. 3d at 778.

¶ 34    In *Radosevich*, the claimant was entitled to section 19(n) interest on the arbitrator's award, which became the Commission's decision, through the day prior to the date of payment and as to all amounts not included in the section 19(g) judgment. *Radosevich*, 367 Ill. App. 3d at 778. When the claimant initiated the section 19(g) proceedings and the trial court entered judgment, the award became an enforceable judgment. Section 2-1303 interest should have been awarded on all unpaid amounts from the date of the arbitrator's award through the date the trial court entered judgment on the award. *Radosevich*, 367 Ill. App. 3d at 778. Because there was no intervening appeal of the award, section 19(n) interest was not also awarded to the claimant as to amounts found due in the section 19(g) judgment. *Radosevich*, 367 Ill. App. 3d at 778.

¶ 35    In this case, Sunrise appealed the Commission's decision, and section 19(n) interest accrued while that appeal was pending.  When the appellate court rendered its decision, Sunrise promptly paid the lump sum, accrued installments, and section 19(n) interest, before Banach filed her section 19(g) application.  Sunrise did not refuse to pay before Banach implemented section 19(g).  When Sunrise tendered full payment of what was owed, Banach was no longer entitled to a judgment under section 19(g).  Without a judgment, Banach was not entitled to additional interest under section 2-1303 of the Code.  Therefore, we conclude that the trial court did not err in denying Banach a judgment under section 19(g) and interest under section 2-1303 of the Code.

¶ 36                                III. CONCLUSION

¶ 37    For the reasons stated, we affirm the denial of Banach's application for a judgment and additional interest under section 2-1303 of the Code.

¶ 38    Affirmed.