# Illinois Official Reports

## Appellate Court

---

### *Foster v. Mitsubishi Motors North America, Inc.*, 2016 IL App (4th) 160199

---

| | |
|---|---|
| Appellate Court Caption | SARA J. FOSTER, Surviving Widow of John C. Foster, Deceased; and JACOB C. FOSTER, NICHOLAS C. FOSTER, CODY J. FOSTER, CHAD L. FOSTER, and IAN A. FOSTER, by Sara J. Foster, Their Mother and Guardian, Petitioners-Appellees, v. MITSUBISHI MOTORS NORTH AMERICA, INC., Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0199 |
| Filed<br>Rehearing denied | December 20, 2016<br>January 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 15-MR-429; the Hon. Paul G. Lawrence, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Brad A. Elward (argued), of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.<br><br>John P. Nicoara (argued), of Nicoara & Steagall, of Peoria, for appellees. |

| Panel | JUSTICE POPE delivered the judgment of the court, with opinion. Presiding Justice Knecht and Justice Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Mitsubishi Motors North America, Inc. (Mitsubishi), appeals the judgment of the trial court in favor of plaintiffs, Sara J. Foster, surviving widow of John C. Foster, and Jacob C. Foster, Nicholas C. Foster, Cody J. Foster, Chad L. Foster, and Ian A. Foster by Sara J. Foster, their mother and guardian (collectively hereinafter Sara), to enforce an arbitration award of death benefits pursuant to section 19(g) of the Workers' Compensation Act (Compensation Act) (820 ILCS 305/19(g) (West 2012)).

¶ 2     On appeal, Mitsubishi argues (1) Sara's petition to enforce the 2004 award should have been dismissed because it was barred by the statute of limitations. In the alternative, Mitsubishi contends (2) the judgment should be limited to the maximum allowable death benefit recoverable in 2004, *i.e.*, $1012.01 per week and (3) any interest should be calculated from the date of the trial court's judgment and not from the date of the arbitration award. We affirm.

¶ 3                        I. BACKGROUND

¶ 4     On October 23, 2003, John C. Foster died from injuries sustained during the course of his employment with Mitsubishi. John was survived by his spouse, Sara, and five dependent children.

¶ 5     On January 12, 2004, an arbitrator awarded Sara $1304.78 per week in death benefits. Thereafter, the Workers' Compensation Commission (Commission) approved and adopted the arbitrator's decision, and Mitsubishi began making payments. Pursuant to the Compensation Act, death benefit awards are subject to a maximum rate. See 820 ILCS 305/7, 8(b) (West 2004). At the time of the arbitrator's decision, the statutory maximum death benefit rate was $1012.01 per week. See Illinois Workers' Compensation Benefit Rates January 15, 2000, through January 14, 2005, http://www.iwcc.il.gov/RATES00-05.htm (last visited Dec. 7, 2016). While the parties agree this was the maximum rate in 2004, neither party sought to correct or appeal the Commission's award at the time it issued. Mitsubishi paid Sara $2024.02 every two weeks, *i.e.*, $1012.01 per week.

¶ 6     On May 26, 2015, Sara filed an application for judgment pursuant to section 19(g) of the Compensation Act (820 ILCS 305/19(g) (West 2012)) seeking to enforce the 2004 award of $1304.78 per week. Sara also argued under section 2-1303 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1303 (West 2012)) she was entitled to 9% interest on the balance of the unpaid amounts dating back to the entry of the 2004 award.

¶ 7     On June 2, 2015, Mitsubishi filed a motion to dismiss Sara's application, arguing her section 19(g) claim was barred by the five-year statute of limitations found in section 13-205 of the Procedure Code (735 ILCS 5/13-205 (West 2012)). In the alternative, Mitsubishi argued any enforcement of the award should be limited to $1012.01, *i.e.*, the maximum statutory amount recoverable in 2004 because an award in excess of the statutory maximum is void and violates public policy. Mitsubishi also maintained any interest Sara would be entitled to could

only be recovered pursuant to section 19(n) of the Compensation Act (820 ILCS 305/19(n) (West 2012)), which provides a lower interest rate, because section 2-1303 interest applies only to a trial court's judgment and not a decision by the Commission.

¶ 8 On October 16, 2015, the trial court entered a preliminary order in favor of Sara in the amount of $101,420.98. The court found the statute of limitations barred any claimed deficiency of benefits paid to Sara prior to May 26, 2010, *i.e.*, five years prior to the filing of her application. However, the court found the statute of limitations did not bar Sara's claim with respect to benefits due on or after that date. The court also found the $1304.78 weekly arbitration award was not void and did not violate public policy. The court reasoned Mitsubishi's $1012.01 weekly payments created a weekly deficiency of $292.77. The court then calculated the deficiency period beginning on May 26, 2010, and running through September 30, 2015, *i.e.*, 279 weeks. As a result, the total arrearage was calculated to be $81,682.83. The court, citing section 2-1303, also found Sara was entitled to an additional 9% interest on the deficient payments through September 30, 2015, for a total of $19,738.15. The court further found all future benefits from October 1, 2015, on were to be paid at the $1304.78 per week rate. Finally, the court noted its order was not final and appealable because it was reserving the issue of attorney fees and costs for a later determination.

¶ 9 On March 3, 2016, the trial court entered a second written order incorporating its October 2015 ruling and disposing of the remaining issues, thus making it final for purposes of appeal.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, Mitsubishi argues (1) Sara's petition to enforce the 2004 award should have been dismissed because it was barred by the statute of limitations. In the alternative, Mitsubishi contends (2) the judgment should be limited to the maximum allowable death benefit recoverable in 2004, *i.e.*, $1012.01 per week, and (3) any interest should be calculated from the date of the trial court's judgment and not from the date of the arbitration award.

¶ 13 A. Statute of Limitations

¶ 14 Mitsubishi argues the trial court erred by failing to dismiss Sara's section 19(g) petition entirely because it was barred by the applicable five-year statute of limitations found in section 13-205 of the Procedure Code (735 ILCS 5/13-205 (West 2012)).

¶ 15 Section 13-205 provides the following:

"[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2012).

¶ 16 According to Mitsubishi, the arbitration decision, which was rendered on January 12, 2004, became final 30 days later on February 11, 2004, when neither party filed for review. See 820 ILCS 305/19(b) (West 2004). Five years from that date was February 11, 2009. Mitsubishi contends Sara's entire application, filed on May 26, 2015, should therefore have been dismissed by the trial court as untimely. We disagree.

¶ 17 "Generally, statutes of limitations begin to run from, and not until, the time the cause of action accrued." *In re Marriage of Kramer*, 253 Ill. App. 3d 923, 928, 625 N.E.2d 808, 812 (1993). Here, however, Mitsubishi's obligation to Sara was payable in installments. "Where a money obligation is payable in installments, a separate cause of action accrues on, and the statute of limitations begins to run against, each installment as it becomes due." *Kramer*, 253 Ill. App. 3d at 928, 625 N.E.2d at 812 (citing *Light v. Light*, 12 Ill. 2d 502, 506, 147 N.E.2d 34, 37 (1957) ("We have long since held, however, that in the case of a judgment for the payment of money in periodic installments a right of action accrues on each installment as it becomes due, and that the period of limitations runs on each installment only from the time it becomes due.")); *Thread & Gage Co. v. Kucinski*, 116 Ill. App. 3d 178, 184, 451 N.E.2d 1292, 1296 (1983) ("a separate cause of action arises on each installment and the statute of limitations begins to run against each installment as it becomes due")); see also *C-B Realty & Trading Corp. v. Chicago & North Western Ry. Co.*, 289 Ill. App. 3d 892, 897, 682 N.E.2d 1136, 1140 (1997) ("Obligations payable in installments run separate statutes of limitation against each installment at the time it becomes due." (citing *Luminall Paints, Inc. v. La Salle National Bank*, 220 Ill. App. 3d 796, 802, 581 N.E.2d 191, 194 (1991))). " '[B]ecause each breach of a continuous duty has its own accrual date, a plaintiff may sue on any breach which occurred within the limitation's period, even if earlier breaches occurred outside the limitation period. [Citations.]' " *C-B Realty*, 289 Ill. App. 3d at 897, 682 N.E.2d at 1140 (quoting *Hi-Lite Products Co. v. American Home Products Corp.*, 11 F.3d 1402, 1409 (7th Cir. 1993)).

¶ 18 In this case, the trial court applied the statute of limitations to bar Sara's claim regarding deficient payments occurring prior to May 26, 2010, *i.e.*, five years prior to the date Sara filed her application to enforce the arbitration award. Because Mitsubishi's obligation to Sara was payable in installments, each of its deficient payments constituted a new cause of action with its own independent statute of limitations. As a result, the court did not err in applying the statute of limitations to bar just those claims relating to deficient payments occurring prior to May 26, 2010. Mitsubishi's argument the five-year limitation period should bar all of Sara's claims fails.

¶ 19                                B. The Arbitration Award

¶ 20 In the alternative, Mitsubishi argues any enforcement of the arbitration award should be limited to $1012.01, *i.e.*, the maximum statutory weekly amount recoverable in 2004. Mitsubishi contends because the $1304.78 award was in excess of the statutorily permitted maximum weekly amount, it was void and violated public policy.

¶ 21 Section 19(g) of the Compensation Act provides a claimant with a statutory remedy to reduce an award of benefits to an enforceable judgment in the trial court when an employer fails to pay a final award. *Estate of Burns v. Consolidation Coal Co.*, 2015 IL App (5th) 140503, ¶ 17, 35 N.E.3d 236. Section 19(g) confers authority on the trial court to render a judgment in accordance with an award of the Commission when a certified copy of the decision is presented to the court. *Dallas v. Ameren CIPS*, 402 Ill. App. 3d 307, 311, 929 N.E.2d 1267, 1271 (2010) (citing *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 264, 383 N.E.2d 207, 209 (1978)). Section 19(g) provides, in relevant part, the following:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are

pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court *shall enter a judgment in accordance therewith*." (Emphasis added.) 820 ILCS 305/19(g) (West 2012).

¶ 22    Section 19(g) is "designed to permit speedy entry of judgment on an award." *Aurora East School District v. Dover*, 363 Ill. App. 3d 1048, 1055, 846 N.E.2d 623, 629 (2006). Section 19(g) provides for a collateral proceeding designed for the entry of judgment, and a party should not be allowed to use it to relitigate the Commission's decision. *Franz v. McHenry County College*, 222 Ill. App. 3d 1002, 1007-08, 584 N.E.2d 536, 540 (1991). As a result, the trial court's inquiry was limited to whether the requirements of section 19(g) have been met. *Ahlers*, 73 Ill. 2d at 268, 383 N.E.2d at 211. "The court cannot question the jurisdiction of the Commission, question the legality of the Commission's actions, review the Commission's decision, or 'otherwise construe the Act, even if the decision appears too large on its face.' " *Dallas*, 402 Ill. App. 3d at 312, 929 N.E.2d at 1272 (quoting *Aurora East School District*, 363 Ill. App. 3d at 1055, 846 N.E.2d at 629); see also *Ahlers*, 73 Ill. 2d at 268, 383 N.E.2d at 211 (the court can refuse to "enter judgment only, for example, when a lack of jurisdiction appears on the face of the record"). "[A]bsent fraud or lack of jurisdiction, a party may not obtain review of the Commission's award in the course of a section 19(g) proceeding." *Konczak v. Johnson Outboards*, 108 Ill. App. 3d 513, 517, 439 N.E.2d 16, 19 (1982).

¶ 23    Here, Mitsubishi does not argue the requirements of section 19(g) have not been met. Indeed, Sara properly submitted a certified copy of the Commission's decision to the trial court satisfying section 19(g)'s statutory requirements. Instead, Mitsubishi contends the award was too large. Such an argument is not appropriately raised in a section 19(g) proceeding as a party may not contest the validity of the Commission's award in that context. See *Aurora East School District*, 363 Ill. App. 3d at 1055, 846 N.E.2d at 629; *Konczak*, 108 Ill. App. 3d at 516-17, 439 N.E.2d at 19 (trial court "may not review the Commission's decision or otherwise construe the statute even if the [award] appears too large on its face"); *St. Louis Pressed Steel Co. v. Schorr*, 303 Ill. 476, 478, 135 N.E. 766, 767 (1922) (if a certified copy of an award or decision is properly presented in a section 19(g) proceeding, the trial court must enter judgment even if the award is too large). In other words, if the strictures of section 19(g) are met, the trial court must enter judgment on the award without questioning the Commission's decision, even if the court disagrees with the Commission's construction of the law. See *Sunrise Assisted Living v. Banach*, 2015 IL App (2d) 140037, ¶ 28, 35 N.E.3d 189 (citing *Ahlers*, 73 Ill. 2d at 268, 383 N.E.2d at 211).

¶ 24    As part of its argument, Mitsubishi emphasizes it has always made full payments to Sara. While we agree payment can be raised as a defense to a section 19(g) petition (see *Dallas*, 402 Ill. App. 3d at 312, 929 N.E.2d at 1272), it is undisputed Mitsubishi has not done so according to the terms of the arbitration award. Moreover, as this case involves installment payments, Sara has not yet received full payment of the benefits. While full payment of the final award is a complete defense to an application for judgment under section 19(g), if anything is properly due under the final award at the time application for judgment is made, then the trial court should enter judgment as provided in section 19(g). *Voorhees v. Industrial Comm'n*, 31 Ill. 2d 330, 332, 201 N.E.2d 382, 383 (1964); see also *Aurora East School District*, 363 Ill. App. 3d at 1055, 846 N.E.2d at 630 (the only defense to a section 19(g) petition is full payment of the final award).

¶ 25      We note Mitsubishi was not without a remedy. Indeed, based on the fact it chose to begin making payments to Sara of $1012.01 and not $1304.78 demonstrates it was aware of the inconsistency from the beginning. With that knowledge, Mitsubishi could have moved pursuant to section 19(f) of the Compensation Act to have the calculation corrected at the time the award was issued. Section 19(f) provides the following:

> "The decision of the Commission acting within its powers *** shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for review herein specified shall begin to run from the date of the receipt of the corrected award or decision." 820 ILCS 305/19(f) (West 2012).

¶ 26      Mitsubishi also could have filed a petition pursuant to section 19(b) of the Compensation Act for review of the award on the ground it exceeded the maximum statutory amount. Section 19(b) provides, in relevant part, the following:

> "The decision of the Arbitrator shall be filed with the Commission which *** shall immediately send to each party *** a copy of such decision, together with a notification of the time when it was filed. *** Unless a petition for review is filed by either party within 30 days after the receipt by such party of the copy of the decision and notification of time when filed *** then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." 820 ILCS 305/19(b) (West 2012).

¶ 27      Here, however, it is undisputed Mitsubishi neither moved to correct the computation of the award nor petitioned for its review. As stated, Mitsubishi may not now contest its validity in the context of the section 19(g) proceeding. See *Franz*, 222 Ill. App. 3d at 1007, 584 N.E.2d at 539 ("A party cannot sit idly by, permitting an arbitrator's decision to become final, and then assert his claim in a collateral proceeding such as this one."). As a result, the trial court did not err in finding all future payments should continue to be paid at the $1304.78 per week rate provided for by the award.

¶ 28                                C. Calculation of Interest

¶ 29      The trial court awarded 9% interest pursuant to section 2-1303 of the Procedure Code on all amounts due dating back to five years prior to the filing of Sara's section 19(g) application.

¶ 30      Section 2-1303 of the Procedure Code provides:

> "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of

interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." 735 ILCS 5/2-1303 (West 2012).

¶ 31    Mitsubishi acknowledges interest is owed on the unpaid portions of the award. Mitsubishi also states it has no issue with the 9% figure applying to any future outstanding amounts. However, Mitsubishi disputes the application of section 2-1303 interest to amounts owed prior to the trial court's judgment. According to Mitsubishi, section 2-1303 interest is "judgment" interest, which can only apply to judgments of the trial court and not decisions of the Commission. Mitsubishi maintains any interest due should instead be recoverable only under section 19(n) of the Compensation Act.

¶ 32    Section 19(n) provides, in relevant part, the following:

"After June 30, 1984, decisions of the Illinois Workers' Compensation Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments." 820 ILCS 305/19(n) (West 2012).

According to the arbitrator's decision, the section 19(n) interest rate in this case was 0.97%.

¶ 33    The determinative question is whether section 2-1303 interest can reach back and apply from the date of the arbitrator's award once a trial court enters judgment on a section 19(g) application.

¶ 34    We find guidance in this court's decision in *Radosevich v. Industrial Comm'n*, 367 Ill. App. 3d 769, 856 N.E.2d 1 (2006). In *Radosevich*, the claimant applied for a section 19(g) judgment and argued interest under section 2-1303 should be awarded from the date of the award. *Radosevich*, 367 Ill. App. 3d at 777, 305, 856 N.E.2d at 8. We recognized a claimant is entitled to section 19(n) interest on all awards of arbitrators and decisions of the Commission. *Radosevich*, 367 Ill. App. 3d at 777, 856 N.E.2d at 8. Such interest is " 'drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments.' " *Radosevich*, 367 Ill. App. 3d at 777, 856 N.E.2d at 8 (quoting 820 ILCS 305/19(n) (West 2004)). However, a claimant is entitled to section 2-1303 interest once the award is reduced to an enforceable judgment by the trial court. *Radosevich*, 367 Ill. App. 3d at 778, 856 N.E.2d at 9; *Sunrise Assisted Living*, 2015 IL App (2d) 140037, ¶ 32, 35 N.E.3d 189 (citing *Radosevich* approvingly).

¶ 35    With regard to whether section 2-1303 interest could reach back and apply from the date of the arbitrator's award, *Radosevich* stated the following:

"A claimant is entitled to section 2-1303 interest if and when the arbitrator's award or Commission's decision becomes an enforceable judgment. When an employer fails or refuses to pay a final award[,] *** a claimant may file a petition pursuant to section 19(g) of the Act to reduce the award to an enforceable judgment in the circuit court for entry of judgment. [Citation.] Section 2-1303 provides that judgments shall draw interest at the rate of 9% per annum from the date of judgment, and '[w]hen judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the

same, and included in the judgment.' [Citation.] Once a claimant implements section 19(g) of the Act, a resulting order of the circuit court is an enforceable judgment, and section 2-1303 interest is properly awarded from the date of the arbitrator's award through the date judgment was entered on that award. In addition, any prospective payments due pursuant to the section 19(g) judgment that are untimely shall also be subject to section 2-1303 interest." *Radosevich*, 367 Ill. App. 3d at 778, 856 N.E.2d at 8-9.

¶ 36 Indeed, the following plain language of section 2-1303 supports such an interpretation: "[w]hen judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, *from the time when made or rendered to the time of entering judgment upon the same*, and included in the judgment." (Emphasis added.) 735 ILCS 5/2-1303 (West 2012). Thus, prior to the section 19(g) petition, Mitsubishi could have satisfied the deficiency and owed just the section 19(n) interest rate. See *Sunrise Assisted Living*, 2015 IL App (2d) 140037, ¶ 35, 35 N.E.3d 189 (finding section 2-1303 interest was not appropriate because the employer paid the amount due and section 19(n) interest prior to the section 19(g) petition being filed). However, "[o]nce a claimant implements section 19(g) of the [Compensation] Act because the employer has failed to pay, a resulting order of the circuit court is an enforceable judgment, and section 2-1303 interest is properly awarded from the date of the arbitrator's award through the date that judgment was entered on that award." *Sunrise Assisted Living*, 2015 IL App (2d) 140037, ¶ 33, 35 N.E.3d 189.

¶ 37 In this case, Mitsubishi did not seek to correct the award or petition for its review. Instead, Mitsubishi chose to pay an amount less than what was awarded, which created a deficiency. That deficient amount was subject to section 19(n) interest up until Sara filed her section 19(g) application. At that point, section 2-1303 interest applied. Applying the statute of limitations, as discussed above, results in section 2-1303 interest on the outstanding amounts beginning five years prior to the date Sara filed her section 19(g) application. Thus, the trial court did not err in determining section 2-1303 interest applied to the circumstances of this case.

¶ 38                                    III. CONCLUSION
¶ 39 For the reasons stated, we affirm the trial court's judgment.

¶ 40 Affirmed.